ADAM C. BROWN (SBN 161951)
**HILL RIVKINS BROWN & ASSOCIATES**
**A Professional Law Corporation**
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, CA 95628
Telephone: (916) 535-0263
Facsimile: (916) 535-0268
adam@hillrivkinsbrown.com

Attorneys for Plaintiff
BLUEAIR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUEAIR, INC., | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| EASTERN SHIPPING WORLDWIDE, INC.; and DOES 1 through 25, inclusive, | |
| Defendants. | |

Plaintiff alleges upon information and belief as follows:

**PARTIES**

1. Plaintiff BLUEAIR, INC. ("Plaintiff") is a Delaware corporation, and was the owner and/or consignee of the shipment which is the subject matter of this action, insured against loss or damage under a policy(ies) of insurance, and brings this action on its own behalf and behalf of subrogated underwriters and all parties who have or may have an interest in said cargo as those interests may appear.

2. Defendant EASTERN SHIPPING WORLDWIDE, INC. ("Defendant") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Illinois, and at all times mentioned herein was a provider of transport services and/or a common carrier of goods for hire.

3. Plaintiff is informed and believes, and thereon alleges, that the M/V ONE APUS was at all material times a container vessel sailing under the flag of Japan.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages as herein alleged.

5. At all times material hereto, the Defendants, and each of them, including the Doe Defendants, were the agents, servants or employees of each Defendant named herein, and at all of said times, each said Defendant was acting within the course and scope of said agency, service or employment.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 on the basis of the Carriage of Goods by Sea Act (COGSA), 6 U.S.C. §30701, *et seq*. and under 28 U.S.C §1333 in that this is an admiralty and maritime claim. This Court also has diversity jurisdiction over this claim pursuant to 28 U.S.C. Section 1332(a).

7. This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. Section 1391(b).

## GENERAL ALLEGATIONS

8. On or about November 19, 2020, at the port of Yantian, China, Defendants received, in good order and condition, a shipment of air purifiers (the "Cargo"), which Defendants accepted and agreed to transport for certain consideration to the Port of Long Beach,

California aboard the M/V ONE APUS, and through to Chicago, IL, pursuant to written contracts and/or bills of lading, including, but not limited to, bill of lading No. 20OFI0172969 issued by Defendant Eastern Shipping Worldwide, Inc.

9. The Cargo was under the care, custody and control of Defendants throughout the duration of transport. At some point during transport, the Cargo was lost and/or damaged.

10. The amount claimed for the lost and/or damaged Cargo is $56,324.73.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

11. Plaintiff hereby incorporates by reference each, every and all of the allegations in Paragraphs 1 through 10, inclusive, above, as though the same were again fully set forth at length herein.

12. Plaintiff caused the Cargo to be shipped, delivered to Defendants in good order and condition, suitable in every respect for the intended transportation which Defendants received, accepted and agreed to transport for certain consideration.

13. Defendants, in consideration of reasonable compensation to be paid by Plaintiff, agreed to safely and promptly carry the Cargo and deliver same to its intended destination.

14. Plaintiff performed all conditions, covenants and promises under the contract on their part to be performed, including payment in full to Defendants for services rendered.

15. Defendants breached the contract with Plaintiff in that Defendants did not safely carry and deliver the Cargo to its intended destination, as described herein.

16. Plaintiff has demanded that Defendants reimburse the value of the damaged Cargo, plus related costs. However, Defendants have failed and refused to reimburse Plaintiff therefor.

17. As a direct and proximate result of Defendants' breach of contract, Plaintiffs have suffered damages in the amount of $56,324.73.

1  WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (Negligence)

18. Plaintiff hereby incorporates by reference each, every and all of the allegations in Paragraphs 1 through 10, inclusive, above, as though the same were again fully set forth at length herein.

19. There was delivered to Defendants in good order and condition the Cargo, suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport said Cargo for certain consideration. As such, Defendants owed a duty to Plaintiff to use reasonable care in the transport of the Cargo, including all reasonable steps to ensure the Cargo reached its destination in good order and condition.

20. Defendants failed take reasonable measures to prevent damage to or loss of the Cargo; breached and violated their duties as providers of transportation and transportation services and their obligations as a common carrier and bailee of said Cargo; and otherwise failed to act within the standard of care required of a carrier, bailee and/or broker of goods for hire.

21. Thereafter the Cargo was damaged.

22. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained damages in the amount of $56,324.73, plus such additional sums in an amount according to proof.

## THIRD CLAIM FOR RELIEF

**(Damage to Cargo – Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701, *et seq*.)**

23. Plaintiff hereby incorporates by reference each, every and all of the allegations in Paragraphs 1 through 11, inclusive, above, as though the same were again fully set forth at length herein.

24.	There was delivered to Defendants in good order and condition the Cargo, suitable in every respect for the intended transportation for which Defendants received, accepted and agreed to transport said Cargo for certain consideration.  In return for said consideration, Defendants were obligated to ensure the Cargo reached its destination in the same good order and condition as received.

25.	Defendants failed to prevent damage to or loss of the Cargo; breached and violated their duties as providers of transportation and transportation services and their obligations as a common carrier and bailee of said Cargo; and otherwise failed to act within the standard of care required of a carrier, bailee and/or broker of goods for hire.

26.	As a direct and proximate result of Defendants' failure to deliver the Cargo in the same good order and condition, Plaintiffs have sustained damages in the amount of $56,324.73, plus such additional sums in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.	For the value and related costs of the Cargo lost or damaged in the amount of $56,324.73, plus interest thereon at the highest legal rate;

2.	For incidental and consequential damages according to proof;

3.	For costs of suit incurred herein; and

4.	For such other and further relief as the Court may deem proper.

Date:  December 3, 2021	HILL RIVKINS BROWN & ASSOCIATES
	A Professional Law Corporation


	By: 	/s/ Adam C. Brown
		ADAM C. BROWN
		Attorneys for Plaintiff
		BLUEAIR, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DAMAGES